**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARINA RANGEL DE AGUILAR,

    Defendant - Appellant.

No. 01-3153

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 00-CR-10149-MLB)**

---

Timothy J. Henry, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender, with him on the brief), Wichita, Kansas, for Defendant-Appellant.

Michael G. Christensen, Assistant United States Attorney (James E. Flory, United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff-Appellee.

---

Before **SEYMOUR**, **ALARCÓN**,[*] and **ANDERSON**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

---

[*]The Honorable Arthur L. Alarcón, Circuit Judge, United States Court of Appeals, Ninth Circuit, sitting by designation.

Marina Rangel de Aguilar was charged with illegal reentry into the United States after a prior removal in violation of 8 U.S.C. § 1326(a) and (b)(2). She filed a motion to dismiss the indictment, contending the fact of her prior deportation should not be allowed as evidence in the case against her because the expedited administrative procedure used to deport her had violated her right to due process of law. The district court denied the motion. Ms. Rangel subsequently pled guilty to the charges in the indictment and reserved the right to appeal the district court's ruling on her motion to dismiss. For the reasons set out below, we affirm.

**I**

The essential facts of the case are not in dispute. Ms. Rangel, a citizen of Mexico, entered the United States without the proper documentation and permission in March 1974. In September 1998, she was convicted in California state court of possession for sale of a controlled substance and sentenced to sixteen months in prison. In April 1999, INS agent David Jennings served Ms. Rangel with Notice of Intent to Issue Final Administrative Removal Order. The notice, standard INS form I-851, set out the charge against her, the allegations on which the charge was based, and her rights under the circumstances. Those rights included the right to be represented by counsel, to request an extension of time, to

rebut the charges, to request review of the government's evidence, and to seek judicial review. The rights described in INS form I-851 follow the statutory rights established by 8 U.S.C. § 1228(b)(4).

Mr. Jennings indicated on the form that he had "explained and/or served" the Notice of Intent to Ms. Rangel in Spanish. Record, doc. 14, app. A. The back of the form has a number of boxes that may be completed by the respondent. Ms. Rangel completed the "I DO NOT WISH TO CONTEST" box, signing to indicate that she admitted the allegations and charge in the Notice, and that she was deportable and not eligible for any form of relief. She waived her right to rebut and contest the charges, as well as her right to judicial review of the final removal order. The entire process took less than half an hour. Ms. Rangel was subsequently deported to Mexico.

In November 2000, Ms. Rangel was arrested by Kansas law enforcement authorities at the request of the INS. An investigation showed there was no record of defendant's requesting or receiving permission to re-enter the United States. She was indicted for a violation of 8 U.S.C. § 1326(a) and (b)(2). Sub-section (b)(2) makes illegal the reentry of a non-U.S. citizen whose prior removal was subsequent to a conviction for commission of an aggravated felony. Ms. Rangel filed a motion to dismiss the indictment, maintaining the procedure employed in her prior deportation violated her due process rights because the

purported waiver lacked any audible record, was taken by agents of the prosecuting entity, and was not made in open court before a neutral immigration judge. The district court overruled the motion after determining Ms. Rangel did not desire an evidentiary hearing. Ms. Rangel pled guilty, reserving the right to appeal.

## II

Ms. Rangel challenges the expedited deportation procedures enacted by Congress in 1996 which permitted the INS to deport her without a recorded hearing before a neutral immigration judge. Those procedures are set out in 8 U.S.C. § 1228(b)(4), which provides:

> Proceedings before the Attorney General under this subsection shall be in accordance with such regulations as the Attorney General shall prescribe. The Attorney General shall provide that –
> (A) the alien is given reasonable notice of the charges and of the opportunity described in subparagraph (C);
> (B) the alien shall have the privilege of being represented (at no expense to the government) by such counsel, authorized to practice in such proceedings, as the alien shall choose;
> (C) the alien has a reasonable opportunity to inspect the evidence and rebut the charges;
> (D) a determination is made for the record that the individual upon whom the notice for the proceeding under this section is served (either in person or by mail) is, in fact, the alien named in such notice;
> (E) a record is maintained for judicial review; and
> (F) the final order of removal is not adjudicated by the same person who issues the charges.

8 U.S.C. § 1228(b)(4). As described above, Ms. Rangel was summarily deported without a hearing pursuant to these procedures after she signed a consent form. She claims her deportation was fundamentally unfair in violation of her right to due process and, as a result, her subsequent conviction for illegal reentry must be overturned.

To challenge the validity of a prior INS proceeding, a party must satisfy a three-part standard as set out in 8 U.S.C. § 1326(d).

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that–
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). We have previously determined that "[t]his section comports with the constitutional standard for due process set forth in *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987)." *United States v. Wittgenstein*, 163 F.3d 1164, 1170 (10th Cir. 1998).

Ms. Rangel maintains she need not satisfy the requirements of the first prong because administrative immigration courts do not have the authority to adjudicate constitutional claims challenging an underlying deportation order. The government does not offer any arguments contesting this assertion. The government does maintain there is an additional requirement Ms. Rangel must

satisfy, asserting that in cases bringing a collateral challenge to a deportation order under 8 U.S.C. § 1326, petitioners must demonstrate prejudice. *See Wittgenstein*, 163 F.3d at 1170; *United States v. Meraz-Valeta*, 26 F.3d 992, 998 (10th Cir. 1994). Ms. Rangel presented no evidence to demonstrate either that the waiver she gave was not knowing and voluntary or that she had a defense to the criminal charge underlying her deportation. However, we need not reach either of these issues concerning the requirements of § 1326(d) because, as discussed below, we reject Ms. Rangel's main contention that her constitutionally-protected rights to due process of law were violated by removal procedures which lack participation by a neutral immigration judge and an audible record for possible judicial review.[1]

Whether the district court erred in failing to dismiss the indictment due to alleged violations of due process in the underlying immigration proceedings is a mixed question of law and fact that we review *de novo*. *See United States v. Aranda-Hernandez*, 95 F.3d 977, 980 (10th Cir. 1996); *Meraz-Valeta*, 26 F.3d at 997. Ms. Rangel's appeal is based on the principle that waivers of rights in

---

[1] Ms. Rangel also contends her waiver was invalid because it failed to comply with the statutory procedural requirements set forth in 8 U.S.C. § 1228(b)(4). Based on the record before us, it does not appear that Ms. Rangel presented this issue to the district court. We decline to reach it for the first time on appeal. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993).

immigration removal proceedings should be subject to the same constitutional due process safeguards as mandated in other contexts. Rule 11 of the Federal Rules of Criminal Procedure, for instance, requires a judge to make the determination that a defendant, in pleading guilty and waiving various rights to a trial, offers the plea both knowingly and voluntarily. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).

But a deportation proceeding is a civil action, not a criminal one, and the procedures required are delineated by Congress and the Attorney General. This is so because the power to expel people illegally present in the United States is "essentially a power of the political branches of government, the legislative and executive, [which] may be exercised entirely through executive officers, with such opportunity for judicial review of their action as Congress may see fit to authorize or permit." *Carlson v. Landon*, 342 U.S. 524, 537 (1952) (quotations and citations omitted). As a consequence, "various protections that apply in the context of a criminal trial do not apply in a deportation hearing." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984). In *Lopez-Mendoza*, for example, the Supreme Court held that the exclusionary rule is not applicable in deportation proceedings. *Id.* at 1050. As the Court noted, "a deportation hearing is intended to provide a streamlined determination of eligibility to remain in this country, nothing more." *Id.*, at 1039. Accordingly, we held in *Michelson v. INS*, 897 F.2d

465, 467-68 (10th Cir. 1990), that the Sixth Amendment right to counsel is inapplicable in the deportation context.

Likewise, we are not persuaded the expedited deportation procedure was fundamentally unfair, even though the waiver was not made before a neutral magistrate. In so concluding, we agree with the result reached by the Fifth Circuit in *United States v. Benitez-Villafuerte*, 186 F.3d 651, 657 (5th Cir. 1999) ("due process rights, including the right to a hearing, may be effectively waived"). *See also United States v. Garcia-Martinez*, 228 F.3d 956, 961 (9th Cir. 2000). We disagree with Ms. Rangel's apparent contention that her waiver must be presumed to be fundamentally unfair because it was taken by a person at the INS, which is the same agency that arrests the alien, provides an explanation of her rights, and then determines she is deportable. *See* Brief for Aplt. at 15. Like the Fifth and Ninth Circuits, "'we will not presume bias from the mere institutional structure of the INS.'" *Garcia-Martinez*, 228 F.3d at 961 (quoting *Benitez-Villafuerte*, 186 F.3d at 660).

We also conclude that the Constitution does not require a record more substantial than that created in the course of this matter: written proof of waiver. We are aware of no authority suggesting that an audible record of waiver is required in any context. Indeed, we note that in other contexts in which Constitutional protections apply, validity of a waiver does not even depend upon

the existence of a *written* record. *See, e.g., United States v. Gell-Iren*, 146 F.3d 827, 830 (10th Cir. 1998) (allowing waiver of *Miranda* rights without written form); *United States v. Austin*, 933 F.2d 833, 835-36 (10th Cir. 1991) (same); FEDERAL RULE OF CIVIL PROCEDURE 39(a) (allowing waiver of jury trial right by oral stipulation entered in the record).

This is not to say that a party may not contest the waiver. "[A] collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review." *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987). In *Mendoza-Lopez*, the Court stated:

> The Immigration Judge permitted waivers of the right to appeal that were not the result of considered judgments by respondents, and failed to advise respondents properly of their eligibility to apply for suspension of deportation. Because the waivers of their rights to appeal were not considered or intelligent, respondents were deprived of judicial review of their deportation proceeding. The Government may not, therefore, rely on those orders as reliable proof of an element of a criminal offense.

*Id.* at 840. Here, Ms. Rangel offered no evidence to show that the agent involved coerced her into waiving her rights, or that she did not understand the nature of the rights available to her, or that the INS agent's characterization of those rights was misleading. Consequently, she has no basis for collaterally attacking her deportation proceeding.

We **AFFIRM** the judgment of the district court.