**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SAMUEL ESPARZA-AGUILAR,

    Defendant-Appellant.

No. 03-4017

D. of Utah

(D.C. No. 02-CR-41-1-TC)

**ORDER AND JUDGMENT** [*]

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. [**]

Defendant-Appellant Samuel Esparza-Aguilar appeals his conviction for

illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. He argues that

the district court erred in 1) imposing criminal liability notwithstanding alleged

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

defects in the original deportation proceeding, and 2) refusing to depart from the applicable sentencing guidelines. We affirm.

## Background

Samuel Esparza-Aguilar, a Mexican alien, entered the United States in 1986 and became a lawful permanent resident four years later. In 1998, he was convicted in Utah state court for distribution of a controlled substance. A few weeks later, he received a notice to appear at a removal hearing before an immigration judge. This notice incorrectly stated that he had not been admitted to the United States, but correctly stated that, having been convicted of an aggravated felony, he was subject to removal. At the hearing, Esparza-Aguilar admitted the allegations requiring his removal, and was deported on April 4, 1998. He did not appeal the removal order.

After being apprehended by Utah police on June 10, 2002, Esparza-Aguilar was charged and convicted of reentering the United States as a previously removed alien in violation of 8 U.S.C. § 1326.

## Collateral Attack of the 1998 Removal Proceedings

In a criminal proceeding under 8 U.S.C. § 1326, an alien "may not challenge the validity of [his] deportation order . . . unless [he] demonstrates that . . . (1) [he had] exhausted any administrative remedies that may have been

available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). We review de novo a due process challenge to the underlying removal proceedings. *United States v. Rangel DeAguilar*, 308 F.3d 1134, 1137 (10th Cir. 2002).

The record shows that Esparza-Aguilar not only failed to exhaust his administrative remedies by not contesting his removal, but waived his right to appeal to the Board of Immigration Appeals. Vol. I Doc. 32 at 4-5. He therefore failed to meet at least one of the requirements for collateral attack of an underlying deportation order, and cannot escape criminal liability on that basis.

Sentencing Guidelines Departure

We have "jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines [only] in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). In this case, while the district court refused to exercise its authority to depart from the Guidelines, at no point did it deny that it had the authority to do so. Vol. II at 8 (Attachment 8). Therefore, we do not have jurisdiction to review the district court's decision.

-3-

For the foregoing reasons, the decision of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge