<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2169**

MARVIN GIOVANY ALVAREZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A94-432-201)

Submitted: April 19, 2006          Decided: May 10, 2006

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Marc Seguinót, SEGUINÓT & ASSOCIATES, P.C., McLean, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marvin Giovany Alvarez, a native and citizen of El Salvador, petitions for review of a final administrative removal order. Alvarez contends he was denied his right to due process because he did not have a hearing before an immigration judge in which he could challenge his removability. We deny the petition for review.

Under 8 U.S.C. § 1228(b) (2000), an alien not lawfully admitted for permanent residence who is convicted of an aggravated felony may be placed in expedited administrative removal proceedings. Under such expedited proceedings, aliens must be allowed (1) reasonable notice of the charges; (2) the privilege of being represented (at no expense to the government) by counsel; (3) a reasonable opportunity to inspect the evidence and rebut the charges; (4) a determination for the record that the individual upon whom the notice is served is, in fact, the alien named in such notice; and (5) a record maintained for judicial review. Alvarez does not claim he was denied any of the protections under § 1228(b). We find these procedures comport with due process. See United States v. Rangel de Aguilar, 308 F.3d 1134, 1138 (10th Cir. 2002); United States v. Garcia-Martinez, 228 F.3d 956, 961 (9th Cir. 2000); United States v. Benitez-Villafuerte, 186 F.3d 651, 656-57 (5th Cir. 1999).

The record does not support Alvarez's claim that he was in fact granted a hearing before an immigration judge. Insofar as Alvarez declared his preference to have a hearing before an immigration judge, the Government was not precluded from instituting Expedited Administrative Removal Proceedings.

We further find Alvarez failed to show he was prejudiced due to the alleged denial of due process. See Rusu v. INS, 296 F.3d 316, 320-21 (4th Cir. 2002)

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED