[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10069
Non-Argument Calendar
_____

Agency No. A205-574-862

ARTHUR FRITZ-JOHN FRANCIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 17, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Arthur Fritz-John Francis, a native of Jamaica and citizen of

Bermuda, proceeding *pro se*, seeks review of the Department of Homeland Security's ("DHS") Final Administrative Removal Order issued pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1228(b).  On appeal, Petitioner argues that he was not removable because his New York conviction for attempted third-degree sale of cocaine was not an aggravated felony.  He also argues that the expedited removal process violated his due process rights.  After careful review, we dismiss the petition in part, and deny in part.

## I.  Background

On December 3, 2013, the DHS issued Petitioner a Notice of Intent to Issue a Final Administrative Removal Order, which alleged that Petitioner was subject to expedited removal because he was not lawfully admitted for permanent residence and he had been previously convicted of attempted third-degree sale of cocaine, in violation of New York Penal Law §§ 110.00 (attempt) and 220.39(1) (criminal sale of a controlled substance in the third degree).  The notice of intent charged that Petitioner was removable, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because his New York conviction was an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(U).

The notice of intent informed Petitioner of his right to be represented by counsel "authorized to practice in this proceeding" and his right to contest his

2

removability.  It stated that Petitioner had ten calendar days to respond in writing to the charges and "rebut the charges stated above (with supporting evidence)."

On that same day, Petitioner responded by checking a box on the notice indicating that he was admitting the allegations and charges and that he was deportable, acknowledging that he was not eligible for any relief from removal, and waiving his right to rebut and contest the charges against him.  Petitioner also checked the box indicating that he was waiving his right to remain in the United States for 14 days in order to seek judicial review.  The next day, the DHS issued a final removal order against Petitioner.  This petition for review followed.

## II.  Discussion

On appeal, Petitioner first argues that his New York conviction for attempted third-degree sale of cocaine is not an aggravated felony, and thus, he was not removable as charged.  Second, he argues that the expedited removal process in general violated his due process rights.  He also contends that the DHS violated his due process rights by denying his request to speak with his attorneys from his criminal case.  In response, the government argues that we lack jurisdiction to review Petitioner's arguments because he failed to exhaust his administrative remedies.

3

A.    Aggravated Felony

We review *de novo* our own subject matter jurisdiction. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). A court may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner exhausted his administrative remedies with respect to that issue. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006). When an alien in expedited removal proceedings fails to contest the classification of his conviction as an aggravated felony in his response to the notice of intent, he has failed to exhaust the argument that he is not an aggravated felon, and we lack jurisdiction to review a claim based on that argument. *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1287-89 (11th Cir. 2014).

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA authorizes the Attorney General to institute expedited removal proceedings with respect to aliens convicted of aggravated felonies. *See id.* § 1228(b). In such proceedings, the DHS is required to serve the alien who was purportedly convicted of an aggravated felony with a notice of intent that advises him of the legal and factual basis of the charges, informs him of his right to request withholding of

4

removal, and informs him of his opportunity to rebut the charges within ten calendar days. 8 C.F.R. § 1238.1(b)(2)(i). The regulations further provide that, in the alien's response to the notice of intent, he may designate a country of removal, rebut the notice's allegations, request an opportunity to review the government's evidence, request withholding of removal, and/or request that an extension of time be granted. *Id.* § 1238.1(c)(1). Alternatively, the alien can concede deportability. *Id.* § 1238.1(d)(1). In the event that the alien concedes deportability (or if the alien does not submit a timely response and the evidence establishes removability by clear and convincing evidence), the DHS is required by the regulations to issue the final administrative removal order. *Id.*

Here, we lack jurisdiction over Petitioner's argument that his New York conviction for attempted third-degree sale of cocaine was not an aggravated felony. As the record shows, Petitioner did not properly challenge that determination during his expedited removal proceedings. Despite receiving the notice of intent that charged him as removable as an aggravated felon and informed him of his right to respond by rebutting the charges, Petitioner immediately admitted the allegations and charges, conceded that he was deportable, and waived his right to rebut and contest the charges. Petitioner did not challenge the determination that he was removable as an aggravated felon until after he had already responded by conceding removability and the DHS had issued the final removal order. Because

5

Petitioner did not argue that his conviction was not an aggravated felony in his response to the notice of intent and before the DHS issued the final removal order, he failed to exhaust his administrative remedies as to this issue.  Accordingly, we lack jurisdiction to consider this argument, and we dismiss the petition for review as to this issue.  *See Malu*, 764 F.3d at 1287-89.

B.    Due Process Claims

Because Petitioner is removable based on his prior aggravated felony conviction, we only retain jurisdiction to review constitutional claims or questions of law.  *See* 8 U.S.C. § 1252(a)(2)(C) and (D).  As previously discussed, we lack jurisdiction to review unexhausted arguments raised for the first time in a petition for review.  However, some constitutional claims do not require exhaustion because the agency does not have the authority to adjudicate those claims.  *See Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003).  Nevertheless, where the agency can provide a remedy to the constitutional claim, "the exhaustion requirement applies with full force."  *Id.*  Thus, "procedural due process claims, as well as procedural errors argued in due process terms, must be raised before" the agency.  *Amaya-Artunduaga*, 463 F.3d at 1251 (holding that the petitioner's due process claim that he was denied a full and fair hearing because the Immigration Judge was biased was the kind of procedural error that required exhaustion).  Assuming we have jurisdiction, "[w]e review constitutional challenges, including

6

alleged due process violations, *de novo.*" *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

Aliens are entitled to due process of law in deportation hearings, which is satisfied only by a full and fair hearing. *Ibrahim v. INS*, 821 F.2d 1547, 1550 (11th Cir. 1987). To establish due process violations in removal proceedings, an alien must show that he was deprived of liberty without due process of law, and that the asserted errors caused him substantial prejudice. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341-42 (11th Cir. 2003). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix*, 605 F.3d at 1143.

As an initial matter, we lack jurisdiction to review Petitioner's argument that the DHS violated his due process rights by denying him access to his attorney. The record reflects that Petitioner never raised this argument before the DHS in his expedited removal proceedings, but instead is raising it for the first time on appeal. As this is a procedural due process claim for which the DHS could provide a remedy, the government correctly argues that we lack jurisdiction to review this claim based on Petitioner's failure to exhaust. *See Amaya-Artunduaga*, 463 F.3d at 1251. Accordingly, we dismiss Petitioner's petition for review as to this issue.

Petitioner's other argument is not that the DHS violated his due process rights by failing to follow the applicable regulatory procedures. Instead, he argues

that the expedited removal process in general constitutes a denial of due process because (1) it does not involve a hearing before a neutral magistrate (expedited removal proceedings are conducted by Immigration and Customs Enforcement officials instead of an Immigration Judge), (2) the penalties are too severe because expedited removal proceedings prevent aliens from applying for relief they are otherwise eligible to apply for, and (3) such proceedings create a "substantial social stigma." The government is correct that Petitioner failed to exhaust this due process argument by raising it in his expedited removal proceedings. However, Petitioner's failure to exhaust does not deprive this Court of jurisdiction to review the constitutionality of the expedited removal process because the DHS would not have the authority to adjudicate such a claim and provide a remedy by declaring the expedited removal process to be unconstitutional. *See Sundar*, 328 F.3d at 1325. *See also Matter of Salazar-Regino*, 23 I. & N. Dec. 223, 231 (BIA 2002) ("We have long declared that we lack the authority to rule on the constitutionality of the statutes we administer.").

Exercising our jurisdiction, we conclude that the expedited removal process does not violate an alien's due process rights. While expedited removal proceedings do not involve a hearing before an Immigration Judge, the INA provides that aliens in expedited removal proceedings must be allowed (1) reasonable notice of the charges; (2) the privilege of being represented by counsel

(at no expense to the government); (3) a reasonable opportunity to inspect the evidence and rebut the charges; (4) a determination for the record that the individual upon whom the notice is served is, in fact, the alien named in such notice; (5) a record maintained for judicial review; and (6) a procedure designed to ensure that the same person who issues the charges does not adjudicate the final order of removal.  8 U.S.C. § 1228(b)(4).  Our fellow circuit courts of appeal that have considered the constitutionality of such provisions have all concluded that these procedures comport with due process.  *See United States v. Rangel de Aguilar*, 308 F.3d 1134, 1138 (10th Cir. 2002); *United States v. Garcia-Martinez*, 228 F.3d 956, 961 (9th Cir. 2000); *United States v. Benitez-Villafuerte*, 186 F.3d 651, 659 (5th Cir. 1999).  We agree.

To the extent that Petitioner's argument could be construed as a challenge to him personally being placed in expedited removal proceedings because those proceedings precluded him from applying for relief in the form of a waiver of inadmissibility under either former § 1182(c) of Title 8 of the United States Code or 8 U.S.C. § 1182(h), Petitioner has not alleged a colorable constitutional claim because aliens do not "have a constitutionally protected interest in discretionary forms of relief," and both waivers are discretionary.  *See Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013) (citing *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008)).  *See also* 8 U.S.C. § 1182(h) ("The

9

Attorney General may, in his discretion, waive [certain grounds of inadmissibility]"); 8 C.F.R. § 1212.3 ("[a]pplication for the exercise of discretion under former section [1182(c)]").  Accordingly, we deny the petition for review as to this issue.

**PETITION DISMISSED IN PART, DENIED IN PART.**