NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEA E. GLENN, | No. 17-15801 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05512-SK |
| v. | |
| CALIFORNIA DEPARTMENT OF EDUCATION; CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding**

Submitted January 16, 2018**

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Bea E. Glenn appeals pro se from the district court's judgment dismissing

her action alleging discrimination under the Americans with Disabilities Act

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("ADA") and the Age Discrimination in Employment Act ("ADEA") in connection with the denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal based on Eleventh Amendment immunity. *Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002). We affirm.

The district court properly dismissed Glenn's action against the California Department of Education and the California State Teachers' Retirement System because Glenn's claims are barred by the Eleventh Amendment. *See Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (setting forth factors to determine whether a state governmental agency is an arm of the state subject to Eleventh Amendment immunity); *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 950 (9th Cir. 1983) (California Department of Education is a state agency subject to Eleventh Amendment immunity); *see also Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360, 374 (2001) (holding that Title I of the ADA does not validly abrogate states' Eleventh Amendment immunity); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding that the ADEA does not validly abrogate states' Eleventh Amendment immunity).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                    17-15801