RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0251P (6th Cir.)
File Name: 03a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 03-5149

ALFONSO MARTINEZ ROCHA,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 02-00030—Danny C. Reeves, District Judge.

Argued: June 18, 2003

Decided and Filed: July 25, 2003

Before: BOGGS and GILMAN, Circuit Judges;
MARBLEY, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Firooz T. Namei, MCKINNEY & NAMEI,
Cincinnati, Ohio, for Appellant. John Patrick Grant,

_____

[*] The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

ASSISTANT UNITED STATES ATTORNEY, Lexington,
Kentucky, for Appellee. **ON BRIEF:** Firooz T. Namei,
Candace C. Crouse, MCKINNEY & NAMEI, Cincinnati,
Ohio, for Appellant. John Patrick Grant, Charles P. Wisdom,
Jr., ASSISTANT UNITED STATES ATTORNEY,
Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. A federal grand
jury indicted Alfonso Martinez-Rocha in May of 2002 on one
count of unlawfully reentering the United States after having
been deported. Martinez-Rocha moved to dismiss the
indictment on the ground that the prior order of deportation
was predicated on the legal error that his 1999 driving-under-
the-influence (DUI) conviction was an "aggravated felony."
After the district court denied his motion, Martinez-Rocha
entered a conditional plea of guilty. He then appealed in
order to challenge the alleged legal error. For the reasons set
forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual background

Martinez-Rocha is a citizen of Mexico who entered the
United States without authorization in 1993. Approximately
six years later he was convicted in a Kentucky state court of
DUI and was sentenced to 18 months in prison, followed by
a probationary term. After Martinez-Rocha was released
from prison, he was arrested in Kentucky for violating the
terms of his probation. The Immigration and Naturalization
Service (INS) took him into custody. According to INS
Agent Michael Galvan, who spoke with Martinez-Rocha
shortly thereafter, Martinez-Rocha "said he wanted to go back
to Mexico and that he wanted to do it as soon as possible. He

actually contacted his probation officer, who in turn contacted me."

Martinez-Rocha was then transported to Louisiana. He received a Notice of Intent to Issue Final Administrative Removal Order in June of 2000. This notice advised him that the INS was seeking his deportation pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

On June 30, 2000, Martinez-Rocha signed an English-language form acknowledging that he had received the Notice of Intent. The form memorialized that the notice had been read to Martinez-Rocha in Spanish. Martinez-Rocha also signed his name below the following statement:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico.

The INS issued a final administrative removal order on the same day. On July 13, 2000, Martinez-Rocha was deported.

A few months later, Martinez-Rocha again entered the United States without authorization and returned to Kentucky. State authorities arrested him in April of 2002 because he had not paid the financial penalties that he had incurred as the result of a traffic conviction. An INS agent then interviewed Martinez-Rocha, who acknowledged that he had been deported in July of 2000.

## B.   Procedural background

A single-count indictment was returned against Martinez-Rocha, charging him with violating 8 U.S.C. § 1326, which prescribes a criminal penalty for "any alien who . . . (1) has been . . . deported . . ., and thereafter (2) enters . . . the United States" without authorization. 8 U.S.C. § 1326(a). The indictment alleged that Martinez-Rocha was "an alien who had previously been deported following his conviction for an aggravated felony." An enhanced penalty applies to any alien "whose removal was subsequent to a conviction for commission of an aggravated felony," pursuant to 8 U.S.C. § 1326(b)(2).

Martinez-Rocha filed a motion to dismiss the indictment. He contended that his 1999 DUI conviction should not have been considered an aggravated felony, so that the order of removal in 2000 was erroneous. The government countered that the underlying deportation order was not subject to collateral attack. After conducting a hearing, the district court denied the motion to dismiss. Martinez-Rocha then entered a conditional plea of guilty. He was sentenced to 15 months in prison. Although the district court also imposed a two-year term of supervised release, the judgment noted that this term would not be applicable if Martinez-Rocha was deported after his imprisonment. This timely appeal followed.

## II.  ANALYSIS

Martinez-Rocha argues that his 1999 DUI conviction should not have been characterized as an aggravated felony. But a defendant charged with unlawfully reentering the United States after having been ordered deported may not challenge the validity of the underlying deportation order unless three statutory conditions are satisfied. The defendant must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

This court has not directly addressed the standard of review for a collateral challenge under 8 U.S.C. § 1326(d) to a prior order of deportation. The circuits that have addressed the issue, however, are unanimous in deciding that de novo review is appropriate. *E.g., United States v. Zalaya*, 293 F.3d 1294, 1297 (11th Cir. 2002) (holding that a district court's denial of a motion to dismiss an indictment on the basis of a collateral challenge to the underlying deportation order "is an issue of law to be reviewed de novo on appeal," and noting the agreement of the Second and Ninth Circuits). This matches the standard applicable to a review of the district court's denial of a motion to dismiss an indictment on grounds that involve questions of law. *E.g., In re Ford*, 987 F.2d 334, 339 (6th Cir. 1992) ("This court reviews de novo a district court's denial of a motion to dismiss an indictment on the grounds of double jeopardy."). We find these authorities persuasive, and therefore will review the district court's denial of Martinez-Rocha's motion de novo.

Martinez-Rocha admittedly did not exhaust his administrative remedies when he waived his right to contest the ground on which he was deportable. But he claims that his waiver was invalid because he did not understand at the time that he was, in fact, waiving his right to contest the charges against him. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987) (holding that an alien's waiver of the right to apply for suspension of deportation was invalid where it was not "considered or intelligent"); *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001) ("The exhaustion requirement of 8 U.S.C. § 1326(d) cannot bar collateral review of a deportation proceeding when the waiver

of right to an administrative appeal did not comport with due process.").

The district court, however, found that Martinez-Rocha's waiver was considered and intelligent. We will not reverse a district court's factual finding unless it is clearly erroneous. *United States v. Sykes*, 292 F.3d 495, 497 (6th Cir.) ("A district court's determination that a waiver was knowingly and voluntarily made is reviewed for clear error."), *cert. denied*, 123 S. Ct. 400 (2002).

Although Martinez-Rocha testified that he did not fully understand the waiver because he did not speak "the whole English," he signed a form stating that he did not wish to contest the charges that was read to him in both English and Spanish. He also conferred with INS agents and with the Mexican consulate prior to being deported, and his waiver was consistent with the testimony of Agent Galvan that Martinez-Rocha had expressed a desire to return to Mexico as soon as possible. In addition, Martinez-Rocha's testimony in the district court reflects his command of English. The district court therefore did not clearly err in crediting the testimony of Agent Galvan and the documentary evidence that Martinez-Rocha's waiver was a knowing and considered choice. *See Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *United States v. Cruse*, No. 01-5874, 2003 WL 344337, at *5 (6th Cir. Feb. 7, 2003) (holding that the district court did not clearly err in finding that the college-educated defendant had knowingly and intelligently waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), by signing a waiver form so indicating, despite the defendant's testimony that "he neither read nor understood the waiver form before signing it"); *United States v. Rangel de Aguilar*, 308 F.3d 1134, 1138-39 (10th Cir. 2002) (holding that a defendant had no basis for collateral attack on her deportation order where the evidence indicated that she had made a considered and intelligent waiver of her right to contest the

deportation proceedings), *cert. denied*, 123 S. Ct. 1372 (2003).

At oral argument, counsel for Martinez-Rocha contended that the waiver could not have truly been a considered choice because other immigration options were available to Martinez-Rocha in the summer of 2000 that did not have the negative consequences of a deportation order. But a waiver need not be the best choice under the circumstances in order for it to be "considered and intelligent." *See United States v. Turner*, 287 F.3d 980, 984 (10th Cir. 2002) (acknowledging that "[t]he use of the word intelligent within the standard used to determine an effective waiver of counsel gives this court some pause," but concluding that "knowingly and intelligently waiving the right to counsel is different from making a wise decision"); *cf. United States v. Peck*, No. 01-5586, 2003 WL 1465563, at *4 (6th Cir. Mar. 19, 2003) ("Although the decision to represent himself may not have been in [the defendant's] best interest, the record supports the district court's conclusion that [the defendant] was competent to make that choice, and that he did so knowingly and voluntarily."). Because the district court did not clearly err in deciding that the waiver at issue here met those criteria, Martinez-Rocha has failed to satisfy any of the requirements of 8 U.S.C. § 1326(d). He is therefore barred from collaterally attacking his prior order of deportation.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.