**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4924**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GELMY RODOLFO ORTIZ,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:10-cr-00157-RJC-1)

———————

Submitted:  June 26, 2012         Decided:  July 19, 2012

———————

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henderson Hill, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gelmy Rodolfo Ortiz appeals his conviction for unlawful reentry after deportation by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, he challenges the district court's denial of his motion to dismiss the indictment, arguing that he satisfied the three requirements for a collateral attack on his prior removal order set forth in 8 U.S.C. § 1326(d) (2006). Finding no error, we affirm.

In a prosecution for illegal reentry after removal, a defendant may mount a successful collateral attack on the underlying removal order constituting an element of the offense if he can show: (1) he exhausted any administrative remedies that may have been available to challenge the order of removal; (2) he was effectively deprived of his right to judicial review of the removal order; and (3) the removal proceedings were fundamentally unfair. 8 U.S.C. § 1326(d) (2006); see United States v. Mendoza-Lopez, 481 U.S. 828 (1987); United States v. El Shami, 434 F.3d 659, 663 (4th Cir. 2005). A defendant must satisfy all three of the above requirements to prevail. United States v. Wilson, 316 F.3d 506, 509 (4th Cir. 2003), overruled on other grounds by Lopez v. Gonzales, 549 U.S. 47 (2006). "However, if the defendant satisfies all three requirements, the illegal reentry charge must be dismissed as a matter of law." El Shami, 434 F.3d at 663. This court conducts a de novo review

2

of the district court's denial of a motion to dismiss an indictment count charging an offense under 8 U.S.C. § 1326(d). Id.

Courts have generally held that "the exhaustion requirement [of § 1326(d)(1)] must be excused where an alien's failure to exhaust results from an invalid waiver of the right to an administrative appeal." United States v. Sosa, 387 F.3d 131, 136 (2d Cir. 2004); accord United States v. Reyes-Bonilla, 671 F.3d 1036, 1043 (9th Cir. 2012) ("If Reyes did not validly waive his right of appeal, the first two requirements under § 1326(d) will be satisfied."); United States v. Martinez-Rocha, 337 F.3d 566, 569 (6th Cir. 2003). If, however, "an alien knowingly and voluntarily waives his right to appeal an order of deportation, then his failure to exhaust administrative remedies will bar collateral attack on the order in a subsequent illegal reentry prosecution under § 1326(d)." United States v. Cerna, 603 F.3d 32, 38 (2d Cir. 2010).

After conducting a de novo review of the record, we discern no error in the district court's finding that Ortiz knowingly and voluntarily waived his right to appeal after being advised of his rights. Although Ortiz contends on appeal that he "easily met the first two § 1326(d) factors because he was specifically instructed that he had no right to contest deportation and would not be allowed to see an immigration judge

3

– depriving him both of judicial review and of any administrative remedies," we disagree. Ortiz does not dispute on appeal that he signed the waiver on page two of the Notice of Intent. Moreover, the district court credited Deputy Matias' testimony that it was his practice to go over the waiver provisions line-by-line with an alien, and we find no clear error in this determination. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Additionally, although the district court credited Ortiz's claim that he was told that he had no right to see an immigration judge, "[e]xpedited proceedings are conducted by a [DHS] officer, not an immigration judge." United States v. Calderon-Segura, 512 F.3d 1104, 1107 (9th Cir. 2008); see 8 U.S.C. § 1228(b) (2006); 8 C.F.R. § 238.1 (2012). Thus, Ortiz was correctly informed that he was not entitled to a hearing before an immigration judge.

Because Ortiz cannot satisfy the first two prongs of § 1326(d), we find it unnecessary to reach the issue of whether his removal proceedings were fundamentally unfair. Accordingly, we affirm the district court's order denying Ortiz's motion to dismiss the indictment and the judgment. We dispense with oral argument because the facts and legal contentions are adequately

4

expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED