**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 14-4609**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSE  SANTIAGO  HERNANDEZ-LOPEZ,  a/k/a  Jose  Santiago
Hernandez, a/k/a Santiago Hernandez, a/k/a Jose Santiago,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:14-cr-00016-CMH-1)

───────────────

Submitted:  May 19, 2015           Decided:  May 26, 2015

───────────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Craig W. Sampson, BARNES & DIEHL, PC, Chesterfield, Virginia,
for Appellant. Dana J. Boente, United States Attorney, Eric
Mothander, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Santiago Hernandez-Lopez appeals his conviction for unlawful reentry after removal by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, he challenges the district court's denial of his motion to dismiss the indictment, arguing that he satisfied the three requirements for a collateral attack on his prior removal order set forth in 8 U.S.C. § 1326(d) (2012). Finding no error, we affirm.

In a prosecution for illegal reentry after removal, a defendant may collaterally attack the removal order that constitutes an element of the offense if he can show: (1) he exhausted any administrative remedies that may have been available to challenge the order of removal; (2) he was effectively deprived of his right to judicial review of the removal order; and (3) the removal proceedings were fundamentally unfair. 8 U.S.C. § 1326(d) (2012); see United States v. Mendoza-Lopez, 481 U.S. 828 (1987); United States v. El Shami, 434 F.3d 659, 663 (4th Cir. 2005). A defendant must satisfy all three of the above requirements to prevail. United States v. Wilson, 316 F.3d 506, 509 (4th Cir. 2003), overruled on other grounds by Lopez v. Gonzales, 549 U.S. 47 (2006). "However, if the defendant satisfies all three requirements, the illegal reentry charge must be dismissed as a matter of law." El Shami, 434 F.3d at 663. This court conducts a de novo review

2

of the district court's denial of a motion to dismiss an indictment under 8 U.S.C. § 1326(d).  Id.

Courts have generally held that "the exhaustion requirement [of § 1326(d)(1)] must be excused where an alien's failure to exhaust results from an invalid waiver of the right to an administrative appeal."  United States v. Sosa, 387 F.3d 131, 136 (2d Cir. 2004); accord United States v. Reyes-Bonilla, 671 F.3d 1036, 1043 (9th Cir. 2012) ("If Reyes did not validly waive his right of appeal, the first two requirements under § 1326(d) will be satisfied."); United States v. Martinez-Rocha, 337 F.3d 566, 569 (6th Cir. 2003).  If, however, "an alien knowingly and voluntarily waives his right to appeal an order of deportation, then his failure to exhaust administrative remedies will bar collateral attack on the order in a subsequent illegal reentry prosecution under § 1326(d)."  United States v. Cerna, 603 F.3d 32, 38 (2d Cir. 2010).

After conducting a de novo review, we find no error in the district court's denial of the motion to dismiss the indictment. The Notice to Appear and hearing notice served on Hernandez-Lopez indicate that he was provided with a list of pro bono legal counsel, see 8 C.F.R. § 1240.10(a)(2), (3) (2014), and his order of removal indicates that he waived appeal. Hernandez-Lopez contends that the record does not contain a copy of the offered services and that thus it is not clear that such

3

list was actually provided to him. Such error, he asserts, excuses his failure to exhaust and renders his proceedings fundamentally unfair. Upon review, we find no error in the district court's conclusion that Hernandez-Lopez failed to exhaust administrative remedies available to challenge his removal order and is thus barred from collaterally attacking the order under § 1326(d). Further, Hernandez-Lopez's assertion that his removal proceedings were fundamentally unfair is without merit.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4