**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4666**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ELISEO MARTINEZ LOPEZ, a/k/a Eliseco Martinez Lopez,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:14-cr-00206-MOC-DSC-1)

Submitted: July 28, 2016                Decided: August 10, 2016

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Rob Heroy, GOODMAN, CARR, LAUGHRUN, LEVINE & GREENE, PLLC, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eliseo Martinez Lopez ("Martinez") appeals his conviction for unlawful reentry after removal following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, he challenges the district court's denial of his motion to dismiss the indictment, arguing that he satisfied the three requirements for a collateral attack on his prior removal order set forth in 8 U.S.C. § 1326(d) (2012). Finding no error, we affirm.

In a prosecution for illegal reentry following an order of removal, a defendant may collaterally attack the removal order that constitutes an element of the offense if he can show: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d) (2012); see United States v. Lopez-Collazo, __ F.3d __, __, No. 15-4312, 2016 WL 3080431, at *3 (4th Cir. June 1, 2016). Because these conditions are listed in the conjunctive, a defendant must show all three in order to prevail. Id. "However, if the defendant satisfies all three requirements, the illegal reentry charge must be dismissed as a matter of law." United States v. El Shami, 434 F.3d 659, 663 (4th Cir. 2005). We conduct a de novo review of the

2

district court's denial of a motion to dismiss an indictment under 8 U.S.C. § 1326(d). Id.

Courts have generally held that "the exhaustion requirement [of § 1326(d)(1)] must be excused where an alien's failure to exhaust results from an invalid waiver of the right to an administrative appeal." United States v. Sosa, 387 F.3d 131, 136 (2d Cir. 2004); accord United States v. Reyes-Bonilla, 671 F.3d 1036, 1043 (9th Cir. 2012) ("If Reyes did not validly waive his right of appeal, the first two requirements under § 1326(d) will be satisfied."); United States v. Martinez-Rocha, 337 F.3d 566, 569 (6th Cir. 2003); see Lopez-Collazo, __ F.3d at __, 2016 WL 3080431, at *3 (acknowledging that this approach has been "embraced by some appellate courts"). If, however, "an alien knowingly and voluntarily waives his right to appeal an order of deportation, then his failure to exhaust administrative remedies will bar collateral attack on the order in a subsequent illegal reentry prosecution under § 1326(d)." United States v. Cerna, 603 F.3d 32, 38 (2d Cir. 2010).

After conducting a de novo review, we find no error in the district court's denial of the motion to dismiss the indictment. Contrary to Martinez's arguments on appeal, the relevant regulations permitted him to stipulate to an order of removal and waive his right to appeal without receiving further advisals from an immigration judge. See 8 U.S.C. § 1229a(d) (2012); 8 C.F.R.

3

§ 1003.25(b) (2016).  Additionally, based on our thorough review of the record in this case, we conclude that Martinez's waiver was valid and that he knowingly and voluntarily waived his right to a hearing before an immigration judge and his right to appeal his order of removal.  Accordingly, Martinez failed to exhaust available administrative remedies to challenge his removal order and is thus barred from collaterally attacking the order under 8 U.S.C. § 1326(d).*

We therefore uphold the district court's denial of Martinez's motion to dismiss the indictment and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* Because Martinez fails to demonstrate that his waiver was invalid, he cannot establish the first two requirements of 8 U.S.C. § 1326(d) — that he exhausted his administrative remedies and that the proceedings at which his removal order was issued improperly deprived him of the opportunity for judicial review.  Accordingly, we need not consider whether the entry of Martinez's removal order was fundamentally unfair.  See § 1326(d)(3).

4