**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4020
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO EDGARDO PALACIOS-ARIAS, a/k/a Francisco Edgro Palacios-Arias,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:20-cr-00062-JAG)

_____

Argued: January 26, 2022                                    Decided: April 20, 2022

_____

Before GREGORY, Chief Judge, KING and HEYTENS, Circuit Judges.

_____

Vacated and remanded by unpublished opinion. Judge Heytens wrote the opinion, in which Chief Judge Gregory and Judge King joined.

_____

**ARGUED:** Laura Jill Koenig, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Joseph Attias, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Congress has declared that a person charged with re-entering the United States after previously having been removed "may not challenge the validity of the" underlying removal "order . . . unless the alien demonstrates that" three criteria are satisfied. 8 U.S.C. § 1326(d). Anticipating the Supreme Court's decision in *United States v. Palomar-Santiago*, 141 S. Ct. 1615 (2021), the district court correctly rejected Francisco Palacios-Arias's suggestion that the statute incorporates an atextual futility exception permitting him to challenge the initial removal order without satisfying the statute's mandatory requirements. But Palacios also has a related yet distinct argument that went unaddressed by the district court: that, under the circumstances of this case, he *satisfied* the statutory requirements. "[M]indful that we are a court of review, not of first view," *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005), we vacate and remand for the district court to consider that argument in the first instance, including making any necessary factual findings.

## I.

Palacios was removed from the United States in 2018 following a contested removal hearing where he was represented by retained counsel. After later re-entering the United States, Palacios was arrested and charged with violating 8 U.S.C. § 1326(a), which generally prohibits re-entering the United States after having been removed. Palacios moved to dismiss the indictment, arguing that the 2018 removal order was invalid because his former lawyer provided ineffective assistance of counsel during the removal proceedings.

2

The district court denied Palacios's motion. Understanding Palacios to be seeking "a futility exception" to one of Section 1326(d)'s requirements for challenging removal orders—specifically 8 U.S.C. § 1326(d)(2)'s requirement that "the deportation proceedings" have "deprived the alien of the opportunity for judicial review"—the district court rejected that claim as inconsistent with the statutory text. JA 601–02. And because Palacios "failed to show that he" satisfied subsection (d)(2), the district court determined it "need not address § 1326's other two prerequisites for collaterally attacking a [removal] order." JA 602 n.3. Palacios then entered a conditional guilty plea, preserving his ability to challenge the district court's denial of his motion to dismiss the indictment.

## II.

The Supreme Court's decision in *Palomar-Santiago*—which issued only after the parties had fully briefed this appeal—both confirms that the district court was correct to reject any freestanding futility exception and underscores why we remand for further proceedings.

In *Palomar-Santiago*, the Court unanimously disapproved the Ninth Circuit's view "that defendants are excused from proving the first two requirements of § 1326(d) if they were not convicted of an offense that made [them] removable." 141 S. Ct. at 1620 (quotation marks omitted). Any such rule, the Court explained, was "incompatible with the text of § 1326(d)," which makes clear that "each of the statutory requirements . . . is mandatory." *Id.* at 1620, 1622 (citation omitted). For that reason, the district court here was right in concluding that there is no "extrastatutory exception" to any of Section 1326(d)'s requirements. *Id.* at 1621; see JA 601–02.

3

At the same time, however, *Palomar-Santiago* confirms that other sorts of arguments are not foreclosed. For example, the Court specifically noted that it did not address whether either the Due Process Clause or other "freestanding constitutional" concerns would preclude application of Section 1326(d)'s otherwise-mandatory requirements in certain circumstances. 141 S. Ct. at 1622 n.4. More generally, the *Palomar-Santiago* Court never considered whether the noncitizen before it had, in fact, satisfied Section 1326(d), because "the narrow question [the] Court granted certiorari to decide" asked only whether he was "excused from" doing so. *Id.*

This case implicates issues unaddressed in *Palomar-Santiago.* True, Palacios's district court brief said compliance with Section 1326(d)(2) would have been "futile." JA 20. But that brief also quoted directly from a Second Circuit decision stating that non-citizens may demonstrate that Section 1326(d)(2) "is *satisfied*" by showing that "counsel's incompetence" deprived them of a "meaningful opportunity for judicial review." *Id.* (quoting *United States v. Cerna*, 603 F.3d 32, 42 (2d Cir. 2010) (emphasis added)). And Palacios specifically confirmed before this Court that, after *Palomar-Santiago*, he is no longer seeking a "futility exception" but *is* continuing to make the "distinct" argument "that his counsel's ineffectiveness satisfied the requirements to further exhaust any administrative remedies available and deprived him of the opportunity for judicial review." Oral Arg. 2:14–3:04. Because the district court did not address that argument (and thus did not address whether Palacios's immigration counsel was, in fact, ineffective), we vacate

4

the judgment and remand for the district court to consider these arguments in the first instance and find any additional facts as necessary.[*]

<em>VACATED AND REMANDED</em>

---

[*] Although the government asserts Palacios cannot satisfy Sections 1326(d)(1) and (3), it also acknowledges that the district court did not address those issues, so we leave them to that court in the first instance. Because the "constitutional question . . . may be avoided" depending on the ultimate resolution of Palacios's statutory claims, we likewise do not consider Palacios's argument that the statute he is accused of violating is unconstitutional because it was motivated by racial animus toward Mexican nationals. *Wood v. Georgia*, 450 U.S. 261, 265 (1981).